[Doc. No. 60]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DEWANE PARKER,<br><br>                   Plaintiff,<br><br>  v.<br><br>ATLANTIC CITY BOARD OF<br>EDUCATION, et al.,<br><br>                   Defendants. | Civil No. 15-8712 (JHR/JS) |

**MEMORANDUM OPINION AND ORDER**

The Court regrets it has to take time to respond to defendants' meritless Motion for Reconsideration [Doc. No. 60], as well as the fact that a notoriously cash-strapped school district has to incur legal fees for the filing of a motion with no basis in law or fact seeking to upset a non-consequential discretionary discovery issue. Defendants' motion asks for reconsideration of the Court's January 9, 2017 Order [Doc. No. 56] denying defendants' request that plaintiff prepare a "relevancy log" as well as an in camera review of documents not produced. The Court received plaintiff's response to defendants' motion [Doc. No. 62] and defendants' reply [Doc. No. 64], and exercises its discretion to decide defendants' motion without oral argument. Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, defendants' motion is denied.

Background

Plaintiff held the position of Atlantic City's School District's Director of Security from 2001 to June 30, 2015. By all accounts plaintiff was a competent and qualified Director with no performance issues. After plaintiff was not re-hired in June 2015, defendants advertised for a new position, Coordinator of Public Safety ("Coordinator"). The Coordinator position was essentially the same job as the Director of Safety position plaintiff formerly held. After initially denying the Coordinator position to plaintiff, defendants agreed to reinstate plaintiff's employment. Defendants' hiring was nixed by the School District's monitor. Plaintiff filed this lawsuit on December 17, 2015, and alleged he was not re-hired in June 2015 because of discrimination and retaliation.

Although plaintiff's job performance was admittedly satisfactory from 2001 – 2015, and defendants agreed to reinstate plaintiff to the new Coordinator position, defendants are seeking plaintiff's federal employment records from 1984 to 1998.[1] Plaintiff's personnel records from his federal employment will undoubtedly contain confidential and private information about his salary, benefits, health history, etc. Moreover,

---

[1] Plaintiff's resume indicates that from 1984 – 1987 he worked as a Federal Police Officer with the GSA/Federal Protective Service, from 1987 – 1988 as a Federal Police Officer with the U.S. Department of the Interior, and from 1988 – 1998 as a Personal Protection Team Commander/Federal Agent/Swat Commander for the U.S. Department of Defense.

2

defendants request plaintiff's records even though defendants questioned plaintiff in detail at his deposition in another case about his federal employment. Plaintiff objected to defendants' document request.

Despite the questionable relevancy of plaintiff's federal employment records, the Court fashioned a fair, even-handed and equitable resolution of the parties' discovery dispute at the oral argument held on January 9, 2017.[2] In order to protect the private, confidential and irrelevant information in plaintiff's personnel records, the Court directed plaintiff to obtain the requested records and to only produce the records "that are relevant to determine if the plaintiff has the necessary qualifications for the job of Coordinator of Public Safety." Tr. of January 9, 2017 Oral Argument ("Tr.") 39:17-19.[3] The Court noted plaintiff's counsel was an officer of the Court and it

---

[2] Since plaintiff was seeking the positon of Coordinator of Public Safety, the Court deemed plaintiff's federal employment records relevant to whether plaintiff had the following necessary qualifications for the position:

> 2. A minimum of ten (10) years' experience in the field of Federal State or Municipal Law Enforcement. Candidate must submit all academy and training certifications.
> 3. Five (5) years of experience as Supervisor of Federal, State or Municipal Law Enforcement personnel.

The Court rejected defendants' other arguments for why the requested records were relevant.

[3] The Court's complete Oral Opinion is located at Tr. 36:20-41:25.

expected counsel to comply with its obligation to produce responsive documents. Id. 39:24 to 40:2. The Court also noted that if plaintiff's counsel had a good faith question about whether a document was responsive he should send the document to the Court for an in camera review. Id. 40:2-9. The Court denied defendants' request that plaintiff Bates stamp and produce a log of the documents in plaintiff's files not produced along with an explanation for why the documents were not produced. Specifically, the Court stated:

> Counsel, here's what I'm going to do about that. I'm not going to require plaintiff to do that for this reason. Because if I ask plaintiff to do that in this case, then I would have to ask every party in every case to do the same thing. I'm not asking the defendant to log every record it has and to say why it's not being produced.
>
> The Court relies on the good judgment and professional obligations of counsel to fulfill their duties honorably and completely. I have no reason to believe that that won't be done by either plaintiff or defendant in this case. And that's why at the end I added -- and it happens -- if, in plaintiff's judgment, there's a legitimate question whether something should be produced or not, I'll look at those records in camera.
>
> And I've done this in the past in many, many, many, many cases and haven't run into a problem. I have no reason to believe both of you won't comply with your professional obligations. And from what I've seen and know of you in this and other cases, that's what you've always done and that's what you'll continue to do.

Id. 41:6 to 41:24. Defendants ask for reconsideration of the denial of their request for the preparation of a document log and an in camera review.

Discussion

A motion for reconsideration is an "extremely limited procedural vehicle." Resorts Int'l, Inc. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 (D.N.J. 1992); Polizzi Meats, Inc. v. Aetna Life & Cas. Co., 931 F. Supp. 328, 338-39 (D.N.J. 1996). Indeed, reconsideration is "an extraordinary remedy" and is granted "sparingly." NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996). Defendant argues manifest injustice will result unless the Court's Order is reconsidered.[4] Brief at 2. Despite this plea, however, defendants cite no law or fact the Court overlooked when it issued its Order. See Resorts Int'l, Inc., 830 F. Supp. at 831 ("Courts in this district have consistently interpreted the word 'overlooked' as the dominant term in the rule"). Nor have defendants cited any law or fact to support their arguments.

Despite their protestation to the contrary, the crux of defendants' argument is that they do not trust plaintiff to produce the documents the Court directed be produced. Defendants

---

[4] A motion for reconsideration may be granted to prevent manifest injustice, Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3rd Cir. 1999).

5

are concerned that plaintiff's counsel will act as the "sole gatekeeper" of the documents received in response to their authorizations. Brief at 4. "Defendants' central concern with the Court's ruling … is that Defendants have been completely excluded from the review process … and the right to challenge any documents Plaintiff withholds from production." Id. at 5-6. Instead, defendants want plaintiff to produce a log of documents withheld and to submit them to the Court for an in camera review.

Defendants' motion is denied for a number of reasons. First, Magistrate Judges have broad authority to manage discovery. As the parties know, "matters of docket control and the conduct of discovery are committed to the sound discretion of the Court." In re Fine Paper Antitrust Litigation, 685 F.2d 810, 817 (3d Cir. 1982); Allstate Life Ins. Co. v. Stillwell, C.A. No. 15-8251 (AET), 2017 WL 557336, at *2 (D.N.J. Feb. 10, 2017). The Court's discretion is broad. Arnold Pontiac-GMC, Inc. v. General Motors Corp., 786 F.2d 564, 568 (3d Cir. 1994). Included within the Court's discretion is the ability to determine what is discoverable, the terms of the discovery and limitations on discovery. See generally Fed. R. Civ. P. 26(c). This is precisely what the Court did when it issued its Order. The Court has already expressed its skepticism about the importance of the requested federal employment records going

6

back before 1998 in a case addressing the failure to re-hire plaintiff in 2015. Further, although defendants profess to want to verify plaintiff's credentials for the Coordinator position, defendants offered to reinstate plaintiff to the Coordinator job. Presumably, this would not have been done unless defendants believed plaintiff was qualified for the position. This raises a legitimate question about defendants' true motivation for plaintiff's old employment records. Thus, although defendants will get the records they need to verify plaintiff's qualifications, there is no need to create more "make work" for plaintiff and the Court. This is especially true given the marginal relevance of plaintiff's federal employment records. Defendants argue the records "are key to Defendants' affirmative defenses." Reply Brief at 1. Nothing could be further from the truth. The key issue in the case is whether defendants' failure to re-hire plaintiff in 2015 was because of claimed budgetary concerns or whether the failure to re-hire was a pretext to get rid of plaintiff. Plaintiff's federal employment records from 1984 – 1998 have little or nothing to do with plaintiff's pretext claim.

Another reason plaintiff's motion is denied is because there is no support for defendants' position that plaintiff is required to produce a "document" or "relevancy log." Defendants' due process argument is frivolous. Brief at 6. Defendants do not

7

cite a single case to support their argument. If the Court accepts plaintiff's due process argument then parties could make the same complaint every time their discovery request is denied. The notion that the denial of a routine discovery request violates due process is preposterous. The fact there is no legal support for defendants' argument is evidenced by the fact that defendants resort to relying on authority requiring that a privilege log be produced (see Fed. R. Civ. P. 26(b)(5)). This Rule is clearly not applicable here. The Federal Rules do not require the production of a "document" or "relevancy log" of the sort that defendants request. The Court agrees with plaintiff that "the log Defendants seek will impose an [unnecessary] onerous and undue burden upon Plaintiff and the Court." Brief at 9.

Perhaps most importantly, defendants' motion is denied because there is no reason to question plaintiff's compliance with the Court's Order. Plaintiff's production is no different than any other document production in a case. It is fundamental to our litigation system that parties rely on each other's good faith and professional responsibilities to comply with the Rules of Civil Procedure. As noted in Poole ex. rel. Elliott v. Textron, Inc., 192 F.R.D. 494, 507 (D. Md. 2000), "[t]he rules of discovery must necessarily be largely self-enforcing. The integrity of the discovery process rests on the faithfulness of

8

parties and counsel to the rules--both the spirit and the letter." Furthermore, the "discovery provisions of the Federal Rules are meant to function without the need for constant judicial intervention, and that [the] Rules rely on the honesty and good faith of counsel in dealing with adversaries." <u>Hopei Garments (Hong Kong), Ltd. v. Oslo Trading Co.</u>, C.A. No. CIV 0932 (MBM), 1988 WL 25139, at *3 (S.D.N.Y. March 8, 1988); <u>accord</u> <u>Younes v. 7-Eleven, Inc.</u>, 312 F.R.D. 692, 709 (D.N.J. 2015). Absent this trust the Court system would collapse. If the Court granted defendants' motion then litigants would routinely ask Courts to umpire routine document productions. This is unworkable.

Defendants have not given one good reason why they question plaintiff's conviction to follow the Court's Order. In the absence of good cause to believe plaintiff will not follow the Court's Order, the Court will not police plaintiff's document production. The same is true for defendants. If plaintiff was so inclined he could make the same arguments as to defendants' document production that defendants are making as to plaintiff. That is, that he wants to check that defendants are producing responsive documents. If plaintiff made this request the Court is confident defendants would not want to be put to the bother and expense of preparing a production log every time they decide documents are non-responsive or irrelevant. Defendants would

9

undoubtedly argue they understand and will follow their professional obligations. The same is true for plaintiff. All parties in the case will be treated equally. To date no party has given the Court reason to believe they will not produce relevant and non-privileged responsive documents. This being the case, defendants' request that it police plaintiff's document production is denied.

Defendants argue that unless their motion is granted they "would have no way of evaluating the responsiveness of any records withheld[.]" Reply Brief at 3. However, the same situation exists in every case when a document production is made. In the absence of good cause that does not exist here, parties have to rely on the good faith and integrity of opposing counsel to do what they are supposed to do. Otherwise, our litigation system could not survive.

Conclusion

For the reasons discussed herein, the Court will deny defendants' request that it impose special precautions to assure plaintiff complies with the Court's January 9, 2017 Order. There is no need for a document or relevancy log and an in camera review in the case.[5]

---

[5] The Court also denies defendants' motion because an in camera review is not necessary. Simply because a party requests an in camera review does not necessarily mean it will be granted. Nishika, Ltd. v. Fugi Photo Film Co., Ltd., 181 F.R.D. 465, 467 (D. Nev. 1998)(citation omitted); F.T.C. v. Hope Now

10

## **ORDER**

Accordingly, for the foregoing reasons, it is hereby ORDERED this 17th day of February, 2017, that defendants' Motion for Reconsideration is DENIED.

s/Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge

---

Modifications, LLC, C.A. No. 09-1204 (JBS/JS), 2011 WL 2634029, at *5 (D.N.J. July 5, 2011)(the decision whether to engage in an in camera review rests in the sound discretion of the district court). Where a showing has not been made that an in camera is necessary, a court should deny the request. Id.; Makky v. Chertoff, 489 F. Supp. 2d 421, 441 (D.N.J. 2007). Here, it is clear what documents the Court Ordered plaintiff to produce. The only documents that have to be produced are those discussing plaintiff's experience and qualifications for the Coordinator of Public Safety position. The Court is confident plaintiff can make an accurate determination as to what is relevant without its intervention. An in camera review of irrelevant documents is wasteful and will not be done.